UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:02-548-CMC |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Donald Edward Byrd, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses this motion with prejudice.

**BACKGROUND**

In July 2002, Defendant, together with forty-two (42) co-defendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.[1]

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On February 26, 2004, Defendant was sentenced to a term of life imprisonment.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that this court committed error under *Booker v. United States*, 543 U.S. 220 (2005), and that this error was not harmless as to Defendant. Defendant's sentence was vacated, and the matter remanded to this court for resentencing. *See United States v. Byrd*, 270

---

[1]The original indictment was superseded three times to add charges relating to other defendants. However, the charges against Defendant Byrd did not change.

1

Fed. Appx. 236 (4th Cir. 2008).

On July 22, 2008, Defendant appeared for resentencing. After considering the advisory guideline range and the relevant statutory factors, the District Court granted Defendant' motion for a variance and sentenced Defendant to 300 months imprisonment.

Defendant again appealed. On May 8, 2009, the Fourth Circuit affirmed Defendant's sentence. See *United States v. Byrd*, 326 Fed. Appx. 221 (4th Cir. 2009).

Defendant filed this motion for relief on July 26, 2010. The Government responded in opposition to Defendant's motion and moved for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant has filed a response to the Government's motion, and this matter is ripe for resolution.

For the reasons stated by the Government, which this court finds are correct and adopts as its findings, Defendant's motion is deficient, as all the grounds raised in Defendant's motion were raised and rejected on appeal.

### CONCLUSION

For the reasons noted above, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 25, 2010